IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WARREN EASLEY, | : | |
| | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | |
| v. | : | NO. 21-4210 |
| | : | |
| JAMIE SORBER, et al., et al., | : | |
| | : | |
| | : | |
|     Defendants. | : | |

## MEMORANDUM OPINION

**Goldberg, J.**                                                                                                            October 10, 2023

    Plaintiff Warren Easley, an inmate in the State Correctional Institution ("SCI") Rockview, filed a *pro se* complaint against Dr. Jason Goldberg,[1] a prison doctor, alleging that Goldberg exhibited deliberate indifference to Plaintiff's various medical conditions, including plantar warts and an ankle injury. Defendant now moves for summary judgment to which Plaintiff has not responded. For the following reasons, I will grant the Motion and dismiss all claims with prejudice.

**I.    STATEMENT OF FACTS**

    Given the absence of any response, the statement of facts set forth by Defendant is undisputed. Nonetheless, for purposes of ensuring a full consideration of the record, I have reviewed the evidence cited in support for each alleged fact and have done so in the light most favorable to Plaintiff. This review has included Plaintiff's prison medical chart from January of 2021 through September of 2021, when he filed his Complaint.[2]

---

[1] Plaintiff originally named several other Defendants, but all of those claims were dismissed on September 13, 2022, for failure to prosecute.

[2] Defendant provides an extensive and comprehensive summary of all of Plaintiff's medical treatment from January 2021 to November 2021. Plaintiff's Complaint, however, only alleges deliberate indifference with respect to an ankle injury and his plantar warts. As such, I discuss only the medical notes pertaining to those conditions.

II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 states, in pertinent part:

> A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Fed. R. Civ. P. 56(a). "Through summary adjudication, the court may dispose of those claims that do not present a 'genuine dispute as to any material fact' and for which a jury trial would be an empty and unnecessary formality." Capitol Presort Servs., LLC v. XL Health Corp., 175 F. Supp. 3d 430, 433 (M.D. Pa. 2016). A factual dispute is "material" if it might affect the outcome of the suit under the applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-moving party. Id.

The initial burden is on the moving party to adduce evidence illustrating a lack of genuine, triable issues. Hugh v. Butler Cnty. Family YMCA, 418 F.3d 265, 267 (3d Cir. 2005). Once the moving party satisfies its burden, the non-moving party must, in rebuttal, present sufficient evidence of a genuine issue, in rebuttal. Santini v. Fuentes, 795 F.3d 410, 416 (3d Cir. 2015). The court must then resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. Saldana v. Kmart Corp, 260 F.3d 228, 232 (3d Cir. 2001). Summary judgment is appropriate if the non-moving party provides merely colorable, conclusory or speculative evidence. Anderson, 477 U.S. at 249. There must be more than a scintilla of evidence supporting the non-moving party and more than some metaphysical doubt as to the material facts. Id. at 252. Unsubstantiated arguments made in briefs are not considered evidence of asserted facts. Versarge v. Twp. of Clinton, 984 F.2d 1359, 1370 (3d Cir. 1993). Moreover, "a party resisting a [Rule 56] motion cannot expect to rely merely upon bare assertions, conclusory

2

allegations or suspicions." Gans v. Mundy, 762 F.2d 338, 241 (3d Cir. 1985) (citing Ness v. Marshall, 660 F.2d 517, 519 (3d Cir. 1981)).

### III. DISCUSSION

#### A. Legal Standards – Deliberately Indifferent Medical Care

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. Estelle v. Gamble, 429 U.S. 97, 103–105 (1976). In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. Id. at 104; see also Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).

The "seriousness" prong requires a plaintiff to demonstrate that the need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987) (quoting Pace v. Fauver, 479 F. Supp. 456, 458 (D.N.J. 1979), aff'd, 649 F.2d 860 (3d Cir. 1981)); see also Pearson v. Prison Health Servs., 850 F.3d 526, 534 (3d Cir. 2017) (noting that a medical need is serious where it has been diagnosed by a physician as requiring treatment). "[W]here denial or delay causes an inmate to suffer a life-long handicap or permanent loss, the medical need is considered serious." Lanzaro, 834 F.2d at 347.

The "deliberate indifference" standard calls for a showing that the defendants were more than merely negligent in diagnosing or treating a serious medical condition. Mere medical malpractice or disagreement with the proper treatment of an illness cannot give rise to a violation of the Eighth Amendment. White v. Napoleon, 897 F.2d 103, 108 (3d Cir. 1990). Rather, a prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. Farmer v. Brennan, 511 U.S. 825, 837 (1994). The United States Court of Appeals for the Third Circuit has found that the deliberate indifference standard is satisfied:

> [W]hen prison officials 1) deny reasonable requests for medical treatment, and the denial exposes the inmate to undue suffering or the threat of tangible residual injury, 2) delay necessary medical treatment for non-medical reasons, or 3) prevent an inmate from receiving recommended treatment for serious medical needs, or deny access to a physician capable of evaluating the need for treatment.

Whooten v. Bussanich, 248 F. App'x 324, 326–27 (3d Cir. 2007). Beyond these types of circumstances, a court will generally not "second-guess the propriety or adequacy of a particular course of treatment . . . [since such determinations] remain[] a question of sound professional judgment." Inmates of Allegheny Cnty. Jail v. Pierce, 612 F.2d 754 762 (3d Cir. 1979) (quotations omitted).

B. **Facts at Issue**

Defendant assumes, solely for purposes of its Motion, that Plaintiff's plantar warts and ankle injuries are "serious medical conditions" under the Eighth Amendment. It contends, however, that Plaintiff has not pointed to any evidence that Defendant was deliberately indifferent to Plaintiff's needs.

According to the undisputed facts, Defendant Dr. Goldberg was among one of many doctors, nurses, and other medical individuals who expended excessive amounts of time attempting to assist Plaintiff with his medical issues. From January 2021 to the time of filing the Complaint in September 2021, the record reflects that Plaintiff was seen approximately thirty times for his complaints of plantar warts and/or ankle pain. These visits were exclusive of his multiple other visits for other conditions, such as his multiple hunger strikes or swallowing of nail clippers. Plaintiff was originally offered hyrefaction treatment of the warts, which would have eliminated them, but he refused it. Prison medical professionals then provided substantial other treatment of his plantar warts included shaving, Ibuprofen, warm compresses, foot soaks, a podiatry consult, and prescription of multiple topical medications. Treatment of his ankle injuries—caused by his throwing a typewriter through a glass door and attempting to attack another inmate while shackled—were addressed by x-rays, examinations, ACE wraps, Motrin, ice, and recommendations for physical therapy. Much of the offered treatment was disrupted and/or completely impeded by Plaintiff's hunger strikes, aggressive behavior causing his placement in the restricted housing

unit, suicidal threats requiring psychiatric observation, self-imposed harm requiring hospitalization, or simple refusal to comply with medical recommendations. (Defendant's Statement of Undisputed Facts ¶¶ 4–84.)

Of particular note is the fact that, despite being the only medical professional named as a Defendant, Dr. Goldberg played a relatively small role in Plaintiff's treatment. Out of the more than thirty medical visits related to Plaintiff's plantar warts or ankle pain, Dr. Goldberg was involved in only five of them. On each occasion, Dr. Goldberg examined Plaintiff and discussed treatment plans. Nothing in the evidence suggests even remotely that Dr. Goldberg, at any point, denied reasonable requests for medical treatment, delayed necessary medical treatment for non-medical reasons, or prevented Plaintiff from receiving recommended treatment. (Id. ¶¶ 23, 40–41, 45–46, 50–51, 55, 80.) Viewing the evidence of record in a light favorable to Plaintiff, I conclude that no reasonable jury could find that Dr. Goldberg was deliberately indifferent to Plaintiff's serious medical needs, and thus I will grant summary judgment.

An appropriate Order follows.